UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HARDNEY,<br><br>           Petitioner,<br><br>   v.<br><br>LYNCH,<br><br>           Respondent. | Case No.   2:23-cv-00462-WBS-JDP (HC)<br><br>FINDINGS AND RECOMMENDATIONS THAT RESPONDENT'S MOTION TO DISMISS BE GRANTED<br><br>ECF No. 17 |

      Petitioner John Hardney, a state prisoner, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Respondent has moved to dismiss it because he is no longer in custody pursuant to the conviction he is challenging.  ECF No. 17.  I agree and recommend dismissal on that basis.

      No habeas rule specifically applies to motions to dismiss.  *See Hillery v. Pulley*, 533 F. Supp. 1189, 1194 (E.D. Cal. 1982) ("Motion practice in habeas corpus is not specifically provided for in the rules but must be inferred from their structure and the Advisory Committee Notes.").  The Ninth Circuit construes a motion to dismiss a habeas petition as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases, however.  *See O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1991).  Under Rule 4, I evaluate whether it "plainly appears" that the petitioner is not entitled to relief and, if so, recommend dismissal of the petition.

      Respondent argues that the conviction petitioner is challenging, finalized in 2019 for resisting arrest and indecent exposure, is no longer the basis for his custody; he was released on that matter in 2021.  ECF No. 17 at 2.  Petitioner is currently incarcerated—but on a separate,

unchallenged conviction. Thus, I agree with respondent's argument. *See Maleng v. Cook*, 490 U.S. 488, 492 (1989) ("While we have very liberally construed the 'in custody' requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction.").

In his opposition, petitioner cites the Supreme Court's decision in *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) for the proposition that "[petitioner] was incarcerated by reason of the parole revocation at the time the petition was filed, which is all the 'in custody' provision of 28 U.S.C. § 2254 requires." That might carry weight if petitioner were in custody because he had violated parole associated with the conviction he challenges. However, it appears that petitioner is now in custody on a separate, unrelated conviction. Even if I had jurisdiction to consider the now-irrelevant conviction and found it to be unlawful, it would have no effect on the conviction which now renders petitioner in custody; the writ could not issue and command his release.

Petitioner also cites the Supreme Court case *Garlotte v. Fordice*, 515 U.S. 39 (1995), and notes that consecutive sentences can be treated as continuous for the "in custody" requirements of federal habeas action. He fails, however, to argue or present any evidence that the conviction which now undergirds his incarceration was in any way continuous with the one from which he was released in 2021. If his current conviction is continuous, he may explain the details in his objections to these recommendations.

Accordingly, I recommend that respondent's motion to dismiss ECF No. 17, be GRANTED and the petition be dismissed for want of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to

appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.


Dated:   December 4, 2023                              _____
                                                       JEREMY D. PETERSON
                                                       UNITED STATES MAGISTRATE JUDGE

3